**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3053
_____

JEAN COULTER,
Appellant

v.

JAMES P. COULTER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:15-cv-00967)
District Judge: Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2017
Before:  SHWARTZ, COWEN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 2, 2017)
_____

OPINION*
_____

PER CURIAM

     Jean Coulter appeals pro se from the order of the District Court dismissing her

case for lack of subject matter jurisdiction.  Coulter also argues on appeal that the District

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Judge should have recused herself after determining that there was no subject matter jurisdiction. We grant Coulter's motion to supplement the appendix with documents that she says are relevant to the issue of recusal. However, we will affirm the District Court's judgment in all respects, and we conclude that there is no basis for recusal.

Coulter filed this suit against her brother, James P. Coulter, asserting diversity jurisdiction based on her purported citizenship in New Jersey and her brother's citizenship in Pennsylvania. The District Court issued an order to show cause, directing Coulter to demonstrate that she had actually established a new domicile in New Jersey, rather than what the District Court found to be her previously established domicile in Pennsylvania. After Coulter responded, the District Court dismissed the case for lack of subject matter jurisdiction, concluding that Coulter had not met her burden to show that she had, in fact, established a new domicile in New Jersey. Coulter moved for reconsideration, and the District Court denied that motion. This timely appeal followed.

We have appellate jurisdiction under 28 U.S.C. § 1291. "In reviewing a district court's conclusion regarding where a party is domiciled, our review is for clear error as to the court's factual determination but de novo as to the applicable legal principles and the court's conclusions of law." Washington v. Hovensa LLC, 652 F.3d 340, 341 (3d Cir. 2011). Under the clear error standard, "our sole function is to review the record to determine . . . whether we are 'left with a definite and firm conviction that a mistake has been committed.'" Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir. 1972) (quoting Speyer, Inc. v. Humble Oil & Ref. Co., 403 F.2d 766, 770 (3d Cir. 1968)).

Coulter does not meaningfully contest the legal principles and conclusions of law that the District Court made, and we conclude there was no error in the District Court's legal analysis. The remaining question, then, is whether the District Court's factual determinations were clearly erroneous. They were not.

A District Court has subject matter jurisdiction under 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000 and the parties are "citizens of different States." 28 U.S.C. § 1332(a)(1). "Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)).

Here, the District Court took judicial notice of Coulter's residence in Pennsylvania as noted in Coulter's prior litigation. Order to Show Cause, D. Ct. Doc. No. 2 at 1 (citing Compl., Coulter v. Gale, et al., W.D. Pa. Civ. No. 2:12-cv-01461, D. Ct. Doc. No. 1). With regard to the current action, the District Court noted that Coulter's mailing address was in Philadelphia, Pennsylvania, and that the return address for her complaint was in Butler, Pennsylvania. The District Court noted also that in Coulter's response, she described herself as having moved to the Philadelphia area, although her current apartment was in Camden, New Jersey, across the Delaware River from Philadelphia. Coulter's response also stated that many of her friends and business connections were still in Pennsylvania. Based on those factors, the District Court's factual determination that Coulter had previously established a domicile in Pennsylvania was not clearly

3

erroneous.  See McCann, 458 F.3d at 286 (listing factors relevant to determining domicile).

That leaves the question of whether Coulter's move to New Jersey established a new domicile in that state.  Once a person establishes a domicile, that "gives rise to a presumption favoring an established domicile over a new one."  Id. at 286-87.  In order for a person to change her domicile, two things are required: "'[sh]e must take up residence at the new domicile, and [she] must intend to remain there.'"  Id. at 286 (quoting Krasnov, 465 F.2d at 1300).  "The party asserting diversity jurisdiction bears the burden of proof."  Id.

Considering both her response to the District Court's order to show cause and her motion for reconsideration, Coulter did not produce a preponderance of evidence sufficient to meet that burden of proof and overcome the presumption of her Pennsylvania domicile.  See id. at 289.  Her arguments and evidence, to be sure, articulated some desire to establish a new domicile somewhere outside of Pennsylvania. But they did not establish an intent to remain in New Jersey in particular—as the District Court noted, Coulter admitted that she intended to change her current residence at some point.  Coulter therefore did not meet her burden to show that she had, as of that time, established a new domicile in New Jersey, substantially for the reasons set out in the District Court's order.  Thus, with Defendant-Appellee James P. Coulter also domiciled in Pennsylvania, the District Court lacked subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because both parties were citizens of Pennsylvania at that time.

Finally, we consider whether the District Judge should have recused herself pursuant to 28 U.S.C. § 455.  As Coulter notes, in her response to the order to show cause, she requested that the District Judge recuse herself if she ruled that there was no subject matter jurisdiction, and Coulter then reiterated the recusal request in her motion for reconsideration.  That position, and the arguments set out in her filings, indicate a mere dissatisfaction with the District Court's ruling against her, which is not a proper basis for recusal.  See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.").  We conclude also that Coulter has not set out any basis for recusal in her references to the District Court's actions in previous cases.  In any event, the recusal request was moot after the District Court concluded that it had no jurisdiction to hear the case, and the District Court need not have taken any further action on Coulter's requests at that time.

For these reasons, we will affirm the District Court's judgment.